CLD-182                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3768
_____

UNITED STATES OF AMERICA

v.

AMIN A. RASHID,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cr-00493-001)
District Judge: Cynthia M. Rufe
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2015

Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Filed: June 11, 2015)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Amin A. Rashid appeals from an order of the District Court denying his motion for a new trial and subsequent motion for reconsideration. For the reasons that follow, we will summarily affirm.

In May, 2009, a Superseding Indictment filed in the United States District Court for the Eastern District of Pennsylvania charged Rashid with ten counts of mail fraud, eight counts of aggravated identity theft, and one count of passing an altered postal money order. The Superseding Indictment alleged that Rashid defrauded clients of his company, the Center for Constitutional and Criminal Justice, by accepting fees to stop or reverse Sheriff's sales, or to recover proceeds from Sheriff's sales, while in fact performing none of these services. Rashid also stole his clients' identities. City Line Abstract Company, a title insurance company used in connection with the various Sheriff's sales, issued distribution policies that ultimately paid Rashid over $600,000. Following a jury trial, Rashid was convicted of nine counts of mail fraud and eight counts of aggravated identity theft. The District Court sentenced Rashid in July, 2013 to a total term of imprisonment of 240 months, to be followed by 5 years of supervised release.

Rashid appealed, contending that (1) the District Court erred in declining to hold a hearing on his motion to suppress evidence obtained from the Center for Constitutional and Criminal Justice; (2) the Government improperly used grand jury subpoenas issued to Maurice Mander and Mannie Green, after the superseding indictment was issued, to obtain evidence for use at trial; (3) the Government improperly obtained consent to search the property at 1014 N. 63rd Street, and the District Court erred in denying a motion to suppress on the ground of Mannie Green's consent; (4) the District Court was

2

not impartial and should have recused; (5) the Speedy Trial Act was violated; (6) the Government engaged in misconduct during its closing argument; (7) the Government's witnesses, Ann Marie Kelly and Todd Pride, committed perjury at the sentencing hearing; (8) the District Court erred in ruling that Kelly's loss amount of $26,850 should be included; (9) the Presentence Investigation Report was not supported by evidence; and (10) the evidence was insufficient to support the convictions. We affirmed the convictions and sentence, concluding that all of these contentions were meritless, United States v. Rashid, 593 F. App'x 132 (3d Cir. 2014).

At issue in this appeal, Rashid filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 33, in which he argued that a "Forensic Investigative Report of the Philadelphia Sheriff's Office" that resulted from an investigation by the City Controller into wrongdoing at the Sheriff's office, dated October, 2011, conclusively demonstrated his innocence because it covered all financial transactions between the Sheriff's Office and others who were alleged to have benefitted from millions of dollars mismanaged by the Sheriff's Office, and showed unequivocally that Rashid was not among those alleged to have defrauded the Sheriff's Office. In an order entered on July 31, 2014, the District Court denied the motion, concluding that nothing in the report exonerated Rashid, and that the report appeared to have nothing to do with him. The District Court denied Rashid's subsequent motion for reconsideration in an order entered on August 18, 2014.

Rashid appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised him that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Rule 33(b)(1) provides that a motion for a new trial may be brought up to three years after the verdict if the motion is grounded upon newly discovered evidence. Fed. R. Crim. Pro. 33(b)(1). In order to grant a new trial on the basis of newly discovered evidence, the District Court must find that the following five requirements have been met: (a) the evidence must have been discovered since the trial; (b) facts must be alleged from which diligence on the part of the movant may be inferred; (c) the evidence must not be merely cumulative or impeaching; (d) the evidence must be material; and (e) the evidence must be of such nature that in a new trial it would probably produce an acquittal. See United States v. Quiles, 618 F.3d 383, 388-89 (3d Cir. 2010). The burden of proving each of the elements is on the movant. See United States v. Cimera, 459 F.3d 452, 458 (3d Cir. 2006). If any one of the five elements is not satisfied, the Rule 33 motion must be denied. See United States v. Jasin, 280 F.3d 355, 365 (3d Cir. 2002).

In his supplemental summary action response, Rashid argues that the report shows that the District Court erred by denying his request for a subpoena to call Acting Sheriff Barbara Deeley as a witness because her testimony was material to his defense that he did not defraud anyone. However, Rashid's assertion that Deeley would have provided testimony to exonerate him is speculative, and not supported by the report. As noted by

4

the District Court, the report appears to have nothing to do with Rashid and his crimes. Accordingly, we conclude that, even assuming that he could meet the first three requirements for a Rule 33 motion through the October, 2011 report, <u>see</u> <u>Quiles</u>, 618 F.3d at 388-89, Rashid has failed to allege facts that would meet the other two requirements that the evidence be material and be of such nature that in a new trial it would probably produce an acquittal, <u>id.</u>

For the foregoing reasons, we will summarily affirm the order of the District Court denying Rashid's Rule 33 motion for a new trial and subsequent motion for reconsideration.